UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
SAMUEL JENKINS,

                                  Plaintiff,

               -against-

NATIONAL RAILROAD PASSENGER CORPORATION
d/b/a AMTRAK and CHRISTOPHER CHRISTIE,

                               Defendants.
-----------------------------------------------------------------------X

Docket No.: 26-CV-3643

**COMPLAINT**

PLAINTIFF DEMANDS
TRIAL BY JURY

Plaintiff, by his attorneys, THE ODIERNO LAW FIRM, P.C., complaining of the Defendants herein, respectfully allege as follows:

## **Venue and Jurisdiction**

1.   That at all times hereinafter mentioned, the Plaintiff was and still is a resident of the County of Bronx, City and State of New York.

2.   Upon information and belief, and at all times hereinafter mentioned, the Defendant, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, was and still is a publicly funded for profit corporation duly organized and existing under the laws of the United States of America.

3.   Upon information and belief, and at all times hereinafter mentioned, Defendant, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, was created by an Act of Congress, 49 U.S.C. § 24101, et seq., and more than one-half its capital stock is owned by the United States.

4.   Upon information and belief, and at all times hereinafter mentioned, the Defendant, CHRISTOPHER CHRISTIE, was and still is a resident of the State of Connecticut.

5.   Upon information and belief, and at all times hereinafter mentioned, on or about

September 27, 2024, the Defendant, CHRISTOPHER CHRISTIE, was an employee of NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK.

6. This Court has original jurisdiction under the provisions of 28 U.S.C. §§ 1331 and 1349, and diversity jurisdiction under the provisions of 28 U.S.C. §1332.

7. That on or about May 30, 2025, Plaintiff duly served upon, presented and filed with the Defendant, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, a Notice of Claim Form 95, in writing sworn to by the Plaintiff.

8. That more than six (6) months have elapsed since the presentation of such claim as aforesaid.

### Factual Allegations

9. Upon information and belief, at all times hereinafter mentioned, a 2024 Toyota motor Vehicle, bearing registration number NY T808218C, was owned by the Rigo Limo Auto Corp.

10. Upon information and belief, at all times hereinafter mentioned, a 2024 Toyota motor vehicle, bearing registration number NY T808218C, was operated by Vardy Leveille, with express permission of Rigo Limo Auto Corp.

11. At all times hereinafter mentioned, Plaintiff, SAMUEL JENKINS, was a passenger in the 2024 Toyota motor vehicle, owned by Rigo Limo Auto Corp., and operated by Vardy Leveille.

12. Upon information and belief, at all times hereinafter mentioned, a Ford motor vehicle, bearing registration number GS31144Z, was owned by the United States of America General Services Administration.

13. Upon information and belief, at all times hereinafter mentioned, a Ford motor vehicle, bearing registration number GS31144Z, was owned by the Defendant, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK.

14. Upon information and belief, at all times hereinafter mentioned, a Ford motor vehicle, bearing registration number GS31144Z, was leased by the Defendant, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK.

15. Upon information and belief, at all times hereinafter mentioned, a Ford motor vehicle, bearing registration number GS31144Z, was leased to Defendant, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK by the United States of America General Services Administration.

16. Upon information and belief, at all times hereinafter mentioned, a Ford motor vehicle, bearing registration number GS31144Z, was operated by Defendant, CHRISTOPHER CHRISTIE, an employee of the Defendant, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK.

17. Upon information and belief, on or about September 27, 2024, Defendant, CHRISTOPHER CHRISTIE, was acting within the course and scope of his employment in operating of the aforesaid motor vehicle.

18. Upon information and belief, at all times hereinafter mentioned, the Bruckner Expressway, at or near its intersection with Hunts Point Avenue, were and still are public thoroughfares located in the County of Bronx, City and State of New York.

19. On or about September 27, 2024, Plaintiff, SAMUEL JENKINS, was lawfully and properly a passenger in the motor vehicle owned by Rigo Limo Auto Corp., and operated by Vardy Leveille, when said vehicle was struck in the rear by the motor vehicle owned by the Defendant, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, and operated by Defendant, CHRISTOPHER CHRISTIE.

20. That said contact took place on the Bruckner Expressway, at or near its intersection

with Hunts Point Avenue, in the County of Bronx, City and State of New York.

21. The aforesaid accident occurred without any fault or negligence on the part of the Plaintiff contributing thereto, and was caused solely and wholly by the Defendants' negligence.

22. That Defendants had a duty to own, operate, maintain, manage and/or control their motor vehicle in a reasonably safe manner.

23. That Defendants breached their duty by failing to give due and proper warning of the movements of their motor vehicle in order to avoid the accident; operating their motor vehicle at an excessive rate of speed; failing to keep a proper lookout upon the highway; failing to stay awake while operating their motor vehicle; and in so operating their motor vehicle as to allow it to come into contact with a motor vehicle in which Plaintiff was a passenger in violation of the applicable statutes, ordinances and regulations.

24. That as a result of the foregoing, the Plaintiff was caused to sustain serious personal injuries.

25.  That as a result of the foregoing, the Plaintiff was caused to suffer a "serious injury" as that term is defined in Subdivision 4 of Section 5102 of the Insurance Law of the State of New York, and being a covered person and claiming against a covered person, is entitled to recover for noneconomic loss, including pain and suffering, and is entitled to recover for such economic loss as exceeds basic economic loss.

26. That by reason of the negligent, wrongful acts and omissions on the part of the Defendants as aforesaid, the Plaintiff has suffered and will continue to suffer pain and agony, and was unable to attend to his duties, all to his damage in the sum to be determined at the time of trial.

### Demand For Jury Trial

27. Plaintiff, SAMUEL JENKINS, by and through undersigned counsel, hereby demands

a jury trial as to all issues triable as a matter of right pursuant to FRCP 38 (b)(1) and 38(c).

**WHEREFORE**, the Plaintiff demands judgment against the Defendants in an amount to be determined at the time of trial, together with the costs and disbursements of this action.

Dated: Melville, New York
      May 1, 2026

Respectfully submitted,

THE ODIERNO LAW FIRM, P.C.

BY:_____
    JESSICA KRONRAD, ESQ.
Attorneys for Plaintiff
145 Pinelawn Road, Suite 130N
Melville, New York 11747
(631) 309-3242
jkronrad@o2law.com